IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HTG CAPITAL PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 cv 2129 |
| | ) | |
| JOHN DOE(S) 1-10, | ) | Hon. Edmond E. Chang |
| | ) | Magistrate Judge Gilbert |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO THE DOE DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Plaintiff HTG Capital Partners, LLC, ("HTG") by its counsel Kopecky Schumacher Bleakley Rosenburg PC, submits this Memorandum in Opposition to The Doe Defendants' Motion to Compel Arbitration. In support thereof HTG states as follows:

**Introduction**

HTG believes that it may have a defendant-specific basis to contest the Doe Defendants' Motion to Compel Arbitration. HTG contends that one of the Doe Defendants may have waived its right to enforce the arbitration provision at issue here. A waiver occurs when a party acts in a manner inconsistent with the arbitration clause in an agreement, thus indicating abandonment of the right to arbitration. *Yates v. Doctor's Associates, Inc.,* 193 Ill.App.3d 431, 439 (Ill.App. Ct. 5th Dist. 1990) *citing to Atkins v. Rustic Woods Partners*, 171 Ill.App.3d 373, 378 (1988). Here, HTG cannot make its defendant-specific waiver arguments in opposition to the pending Motion to Compel Arbitration unless and until it knows the identities of the Doe Defendants. Accordingly, HTG requests that it be provided with the Doe Defendants' identities prior to a resolution of the pending Motion to Compel Arbitration.

**Argument**

**I.     The Court Decides Whether a Party Waived Its Right to Compel Arbitration**

As an initial matter, "waiver is an issue decided by the court prior to arbitration." *Chem. Futures & Options, Inc. v. Resolution Trust Corp.,* 832 F. Supp. 1188, 1194 (N.D. Ill. 1993) *citing to Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 712 F.2d 270, 272 (7th Cir. 1983). Thus, this Court, not a CBOT arbitration panel, should consider HTG's waiver argument and determine whether this matter is properly resolved in this forum or arbitrated before the CBOT.

Defendants cite to *Howsam* for the proposition that waiver is an issue for the arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79 (2002). However, the proposition that *Howsam* applies to waiver is dicta, and *Howsam* does not apply to waiver through litigation conduct, or acts inconsistent with the intent to arbitrate. Rather, the Supreme Court in *Howsam* was deciding whether the applicability of the NASD time limitation was a procedural question or substantive issue. *Howsam,* at 84-86. The Court found that the time limitation was a procedural issue, and accordingly should be decided by the arbitrator. *Id.* at 86-87.

The Federal Circuit Courts are split on whether waiver by conduct is determined by the courts or arbitrators. *See Martinez v. Utilimap Corp.,* 2015 WL 3932151, *8. The First, Third, and Fifth Circuits have found that waiver is a matter for the courts. *Marie v. Allied Home Mortg. Corp*., 402 F3d 1, 11-14 (1st Cir. 2005); *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am*., 97 Fed.Appx. 462, 464 (5th Cir. 2004); *Ehleiter v. Grapetree Shores, Inc*., 482 F.3d 207, 217-218 (3rd Cir. 2007). The Eight Circuit determined that waiver is for arbitrators. *National American Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 328 F.3d 462, 466 (8th Cir. 2003). The Seventh Circuit has not ruled definitively one way or the other, notably however, courts in the Seventh Circuit have continued to decide "waiver" issues based on conduct after *Howsam*.

*See Kawasaki Heavy Indus. Ltd. v. Bombardier Rec. Prods., Inc.,* 660 F.3d 988, 993-98 (7th Cir. 2011) (performing waiver analysis and holding that a party did not waive its right to arbitrate by its litigation conduct) *and see Dental USA Inc. v. Beak and Bumper LLC,* 2014 WL 683709, *4 (noting circuit split, but nonetheless ruling on the waiver issue); *and see, e.g., Smith v. Adams & Associates,* 2015 WL 5921098, *3-4 (N.D. Ill. 2015) (citing to Seventh Circuit cases post-*Howsam* deciding waiver, as well as district court cases in the Northern District of Illinois deciding the waiver issue).

Moreover, the District Court for the Northern District of Illinois has specifically held that *Howsam* does not apply to waiver based on litigation conduct. In *Bank of America Securities LLC v. Independence Tube Corp.,* the court explained that "the *Howsam* Court <u>did not change the traditional rule</u> that waiver through litigation conduct is an issue of arbitrability that courts should decide." *Banc of America Securities LLC v. Independence Tube Corp.,* 2010 WL 1780321 at *6 (N.D. Ill. 2010)(emphasis added). The court in that case reviewed *Howsam* in context and found:

> [W]hen read in isolation, this language supports referring such waiver issues to an arbitrator. That conclusion is not sound when the language is read in context, however, and the Seventh Circuit has continued to resolve waiver claims based on litigation conduct, albeit without analyzing the applicability of *Howsam*. Indeed, other courts have found that, properly considered within the context of the entire opinion, the *Howsam* Court was referring only to waiver, delay, or like defenses arising from non-compliance with contractual conditions to precedent to arbitration, such as the NASD time limit rule at issue in that case, and not to claims of waiver based on active litigation in court.

*Id.* at *5 (internal citations and emphasis excluded).

For the same reason, the Doe Defendants' reliance on *Lumbermens Mutual Casualty Company v. Broadspire Management Services, Inc*. is misplaced. 623 F.3d 476, 480-481 (7th Cir. 2010). In that case, the Seventh Circuit analyzed *Howsam* when the Defendant refused to arbitrate on the basis that Plaintiff failed to meet a precondition to arbitration. The Court in

*Lumbermens* notes the language in *Howsam* relating to waiver, although there is no waiver issue in that case. *Lumbermens* merely stands for the proposition that the plaintiff's failure to file valid Disagreement Notices pursuant to the parties' arbitration agreement was procedural and accordingly decided by the arbitrator. The Seventh Circuit simply does not address waiver in *Lumbermens*.

In conclusion, whether a party waived it right to compel arbitration based on its conduct is an issue that should be resolved by the court, not an arbitration panel.

II. **The Doe Defendants' Have Waived the Right To Compel Arbitration Through Their Conduct In This Action**

The Doe Defendants have argued, and continue to maintain, that this dispute is not subject to private CBOT arbitration and instead is subject to the exclusive jurisdiction of CBOT enforcement. Inconsistent with that position, they now seek to compel this action to CBOT arbitration so that, once there, they can again argue that this dispute is not subject to CBOT arbitration. In so doing, the Doe Defendants have acted in a manner inconsistent with their right to arbitrate, and have therefore waived that right. *Yates v. Doctor's Associates, Inc.,* 193 Ill.App.3d at 439.

Specifically, Doe Defendant 1 previously argued to this Court that HTG lacks a legal basis to pursue its claims in a CBOT arbitration. *See* John Doe's Motion to Quash Subpoena on CME Group, Inc. and to Proceed Anonymously, p. 6 [Dkt. 19.] Now, in their Motion to Compel Arbitration the Doe Defendants recognize that this Court rejected that argument and specifically found that HTG's spoofing claims may be subject to private arbitration, and not solely to CBOT enforcement procedures. (*See* Mot. to Compel at 9, fn. 4.) The Doe Defendants then brazenly telegraph to this Court that if it compels this action to CBOT arbitration, they intend to again challenge arbitrability. (*Id.*) The Doe Defendants cannot have it both ways. They cannot seek

4

to compel this action to CBOT arbitration, while also maintaining that the matter is not arbitrable. That is precisely what the law of waiver is designed to prevent. Here, by maintaining that this action is not arbitrable, the Doe Defendants have acted inconsistently with the right to arbitrate, and therefore have waived their right to compel arbitration.

### III. HTG Needs The Doe Defendants' Identities to Determine Whether It Has Other Defendant-Specific Waiver Arguments

In deciding whether a party waived its right to compel arbitration, the Court must determine whether the party seeking to compel arbitration acted inconsistently with the right to arbitrate. *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988 (7th Cir. 2011) (internal citations omitted). There is "no rigid rule [that] exists as to what constitutes a waiver of the right to arbitrate. Instead, the issue depends on the circumstances of each particular case. The court must examine the 'totality of the circumstances' and determine whether the party seeking arbitration 'acted inconsistently with the right to arbitrate.'" *Paragon Micro Inc. v. Bundy,* 22 F.Supp.3d 880, 893 (N.D. Ill. 2014).

HTG believes it may have another defendant-specific waiver argument. HTG will not know whether its waiver argument is relevant to this case until the Court provides it with the identities of the Doe Defendants. At this juncture, HTG is being prevented from asserting its waiver argument because HTG does not know the identities of the Doe Defendants. HTG is simply requesting that the Court defer its ruling on the pending Motion to Compel arbitration until HTG determines whether it has a defendant-specific basis to oppose the motion. If this Court denies the Doe Defendants' Motion to Proceed Anonymously, HTG will quickly discover whether it has any defendant-specific objections to arbitration. At that point, the Court will be in a position to consider those arguments and rule on the Motion to Compel Arbitration.

5

As discussed in Court, HTG's only opposition to the pending Motion to Compel Arbitration would be defendant-specific in nature.

### IV.    The Court Should Link Each Doe Defendant to HTG's Orders

In the event the Court compels arbitration, and regardless of how the Court rules on the Doe Defendants' Motion to Proceed Anonymously, HTG requests that the Court link each Doe Defendant with HTG's orders so that HTG can file whatever arbitration claim or claims it deems appropriate. HTG may elect to pursue the Doe Defendants in separate arbitrations, or may elect to pursue less than all of the Doe Defendants in arbitration. HTG should know exactly what this Court is compelling to arbitration as to each Doe Defendant.

Finally, if this Court grants the Doe Defendants' Motion to Compel Arbitration, HTG requests that the Court stay this proceeding (as opposed to dismissing it). A stay of this proceeding is appropriate where, as here, the arbitration will take place in this judicial district. *See* Federal Arbitration Act , §3; *see also, Dental USA, Inc. v. Beak & Bumper, LLC et al.,* 2014 WL 683709 (N.D. Ill. 2014). HTG believes that a stay will promote judicial economy in the event that any of the parties to this dispute move to vacate or confirm the CBOT arbitration award.

## CONCLUSION

For the reasons set forth above, Plaintiff HTG Capital Partners, LLC, respectfully requests that the Court defer its ruling on Doe Defendants' Motion to Compel Arbitration. In the event the Court grants the Doe Defendants' Motion to Compel Arbitration, HTG requests: (i) that the Court link each Doe Defendant to HTG's orders, and (ii) that the Court stay this action pending resolution of the CBOT arbitration.

Respectfully submitted,

HTG Capital Partners, LLC

/s/ James L. Kopecky

James L. Kopecky (6225359)
Daryl M. Schumacher (6244815)
Martin Doyle (6198322)
Kopecky Schumacher Bleakley Rosenburg PC
203 N. LaSalle St. Suite 1620
Chicago, IL 60601
Phone: (312) 380-6631
Fax: (312) 268-6493
www.ksblegal.com

**Certificate of Service**

The undersigned attorney hereby certifies that, on December 8, 2015, he caused true and correct copies of the foregoing document to be served upon all counsel of record via the Court's CM/ECF System.

    /s/ James L. Kopecky